**UNITED STATES of America,**
**Plaintiff,**

v.

**David Brian JACOBSON, Defendant.**
**No. 49652.**

United States District Court
W. D. Washington, N. D.
July 17, 1957.

Page number

Charles P. Moriarty, U. S. Atty., Seattle, and Joseph C. McKinnon, Asst. U. S. Atty., Seattle, Wash., for the Government.

Kenneth A. MacDonald, Seattle, Wash., for defendant.

SOLOMON, District Judge (sitting by designation).

The defendant was indicted under 50 U.S.C.A.Appendix, § 462 for failure to submit to induction into the armed forces after having been ordered to report for induction by his local draft board. Before and during trial, the defendant asserted a right to examine certain reports of investigations made by the Federal Bureau of Investigation. I deferred ruling upon this question in order to consider it more fully. I have now come to the conclusion that this request must be granted in view of Jencks v. United States, 1957, 77 S.Ct. 1007.

The defendant was employed at Boeing Aircraft Company in the production of bombers for the United States Air Force and was a member of the National Guard when he first became interested in the Jehovah's Witnesses. Shortly thereafter, he transferred from the active National Guard to the inactive rolls, and his draft classification was changed from I–D to I–A. He requested reclassification as a conscientious objector (I–O), but this request was refused by his local board after a hearing. He appealed this decision and the case was referred to the Department of Justice for investigation and hearing pursuant to § 6(j), Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 456(j).

The F.B.I. investigated the case and its report was submitted to Mr. Simon, the officer designated to give Jacobson the hearing required by law. Jacobson was furnished with a résumé of the F.B.I. report from which the names of all witnesses were omitted. The Government represents that this résumé covered all information, both favorable and unfavorable, contained in the original report.

Mr. Simon recommended to the Department of Justice that Jacobson be given the I–O classification he requested. However, the Department of Justice notified the appeal board that it found that Jacobson had failed to sustain his objection to his I–A classification and recommended that his appeal be rejected. In making its determination, the Department considered the full F.B.I. report but forwarded only the résumé to the appeal board, together with its recommendation

and that of Mr. Simon. The appeal board concurred in the Department's recommendation and rejected the appeal.

In order to comply with new procedures, the Department of Justice decided to process Jacobson's appeal once more. This time the hearing officer was Mr. Alfred H. Lundin, who recommended rejection of the appeal after considering the entire file, which included the original and follow-up reports of the F.B.I. The Department of Justice concurred in this recommendation after examining both F.B.I. reports and forwarded its findings and recommendation to the appeal board together with a résumé of the follow-up F.B.I. report. Jacobson was afforded an opportunity to examine the Department's letter to the appeal board and the résumé, but not the original F.B.I. reports. He was also permitted to submit a reply to the appeal board. Thereafter, the appeal board again rejected his appeal.

Jacobson was ordered to report for physical examination and later for induction. He took the physical examination and reported as requested for induction, but refused to submit to the induction ceremony. He has stipulated to these facts, but contends that his classification was invalid as beyond the jurisdiction of the appeal board to make because there was no evidence to support it. To aid in the presentation of this contention, the defendant caused to be issued a subpoena duces tecum directing the Government to produce both the original and follow-up reports of the F.B.I. The Government moved to quash such subpoena.

The Government urges that the case is governed by United States v. Nugent, 1953, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417. That case involved two prosecutions for refusal to submit to induction. The convicted defendants contended that their classifications were illegal because they had not been furnished in the course of their appeals with an opportunity to examine the F.B.I. reports considered by the hearing officer and the Department of Justice; only résumés had been furnished them.

Chief Justice Vinson announced the majority view, concurred in by Justices Reed, Burton, Clark and Minton, which held that the requirement of a "hearing" under § 6(j) did not entitle the registrant to see anything more than the résumé, nor did it require the Department "to entertain an all-out collateral attack at the hearing on the testimony obtained in its prehearing investigation." 345 U.S. 1, 9, 73 S.Ct. 996, Justices Frankfurter, Black and Douglas dissented on the ground that a hearing could not be fair and just which did not give the registrant an opportunity to meet the evidence against him.

Unlike the registrants in Nugent, Jacobson does not contend that his classification was illegal because he was not given an opportunity to examine the F.B.I. reports in the course of the appeal hearing. Rather, he urges that the evidence was insufficient to sustain the classification, and asks to examine these reports in order to determine for the purposes of this trial just what evidence was in fact adduced.

It appears from the record that the appeal board did not have the F.B.I. reports before it, but only the résumés which have been furnished to Jacobson. However, the appeal board did have before it two recommendations, one by Mr. Lundin, the hearing officer, and the other by the Department of Justice, which were made after examination of the full original and follow-up F.B.I. reports. I am not able to say that these recommendations were without influence in the deliberations of the board, particularly since the board acted in accordance with them.

Furthermore, a résumé of statements to investigators by unnamed individuals is a shallow and unsubstantial basis for a factual determination. In a court it would be inadmissible. In an administrative hearing, even if admissible, it would be highly suspect. Jacobson

is entitled to test the accuracy of the résumés at least to the extent of comparing them with the F.B.I. reports themselves, to determine whether they fairly reflect the contents of those reports.

■ The recent decision of the Supreme Court in Jencks v. United States, 1957, 77 S.Ct. 1007, did not deal with this problem, but the underlying principle there expressed is equally applicable here. If the Department of Justice wants to prosecute Jacobson for refusing to submit to induction, it must accept the necessity of disclosing at the trial all relevant and material documentary evidence. The original F.B.I. reports are certainly relevant and material to the issues of this case.

It may be argued that the Nugent decision becomes meaningless if the Department of Justice can be required to produce at the trial stage reports which are protected at the classification hearing stage. However, in view of the shift in attitude in the Supreme Court between the Nugent and Jencks decisions, there is considerable question whether Nugent would not be overruled were the problem to arise again.

However, that question, although closely related, is not involved in this ruling. The question as presented here relates solely to the proper procedure at the trial. In my view, the concept of justice announced in the Jencks case requires that the F.B.I. reports in their original form and not mere summaries thereof be produced as requested by the defense.

At the trial, I provisionally granted the Government's motion to quash the subpoena duces tecum ordering production of the F.B.I. reports. That ruling is now withdrawn and the motion is denied. I now order the United States Attorney to make available to the defendant the reports specified in the subpoena duces tecum not later than 10:00 A.M. on July 25, 1957. Another hearing in this case is set for July 26, 1957, at 10:00 A.M.

July 26, 1957. Upon motion of the defendant, case dismissed.